United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| KARINA RAMIREZ VERA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-00331 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL WITHOUT PREJUDICE FOR LACK OF JURISDICTION**

Petitioner, Karina Ramirez Vera, has filed a second amended habeas petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge her removal proceedings. (Doc. 23). After considering all of the pleadings, the Court concludes that this case must be dismissed without prejudice for lack of jurisdiction.

## I. BACKGROUND

Petitioner, a national and citizen of Mexico, is detained in the custody of United States Immigration and Customs Enforcement ("ICE") at the Laredo Processing Center in Laredo, Texas. (Doc. 23 at 2). Petitioner alleges that on March 19, 2004, she was inspected and admitted to the United States as a B-2 nonimmigrant visitor, with authorization to remain until August 18, 2004. (Doc. 23 at 5). On August 16, 2024, United States Citizenship and Immigration Services ("USCIS") notified Petitioner that the evidence appeared to satisfy the eligibility requirements for U-1

nonimmigrant status, but the statutory cap for U-1 visas had been reached. (Doc. 23 at 5). Therefore, USCIS placed Petitioner on the waiting list and expressly granted her deferred action. (Doc. 23 at 5).

On or about October 16, 2024, Petitioner was convicted of driving while intoxicated and received a 15-month probation term. (Doc. 23 at 5). On or about December 15, 2025, Petitioner was arrested at or near an immigration checkpoint and placed in immigration detention. (Doc. 23 at 5). On March 6, 2026, the Immigration Judge ("IJ") ordered Petitioner removed. (Doc. 23 at 6). On May 20, 2026, the IJ issued a separate bond determination, which Petitioner appealed to the Board of Immigration Appeals ("BIA"). (Docs. 23 at 6 and 23-5). On September 30, 2026, the BIA affirmed the removal order, making it administratively final. (Docs. 23 at 6 and 23-6). The BIA then dismissed Petitioner's bond appeal as moot without addressing the validity or continuing effect of USCIS's deferred-action grant. (Doc. 23 at 6). On October 12, 2026, Petitioner filed a petition for review in the United States Court of Appeals for the Fifth Circuit, No. 26-60896, which was docketed on October 14, 2026. (Docs. 23 at 6 and 23-7).

## II. <u>DISCUSSION</u>

Petitioner challenges her detention without alleged evidence of a decision terminating USCIS's grant of her deferred action. (Doc. 23 at 11). Petitioner further alleges that while USCIS's grant of deferred action remains effective, there is no likelihood of her removal in the reasonably foreseeable future. (Doc. 23 at 13). Last, Petitioner argues that the May 20, 2026 order in *Immigration Center for Women and*

*Children v. Noem*, 351 F.R.D. 324, 395-97 (C.D. Cal. 2026), staying application of ICE's prior 2025 Guidance, under which ICE disregarded grants of deferred action conferred by ICE upon individuals with pending U-visa petitions provides an independent basis to challenge Petitioner's continued detention. (Doc. 23 at 13).

A district court lacks jurisdiction to consider a challenge to an order of removal under the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a). Under the REAL ID Act, a petition for review to the applicable circuit court of appeals is the "sole and exclusive means of judicial review" for orders of removal:

> Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). The REAL ID Act "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)); *see also Ramirez-Molina v. Ziglar*, 436 F.3d 508, 513–14 (5th Cir. 2006) ("[T]he REAL ID Act allows the courts of appeals to review constitutional and legal claims regarding removal orders even where the Act renders

an order otherwise unreviewable."). Because the REAL ID Act precludes jurisdiction over petitions like the one filed in this case, this Court has no authority to consider the proposed claims concerning Petitioner's removal order, and any such challenges must be filed in the Fifth Circuit Court of Appeals. *See* 8 U.S.C. §1252(a)(5).

For the reasons stated above, Petitioner's claims concerning her removal order must be dismissed without prejudice for lack of jurisdiction.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The second amended habeas petition (Doc. 23) is **DISMISSED** without prejudice for lack of jurisdiction.
2. All other pending motions are **DENIED** as moot.
3. To the extent such is necessary, a Certificate of Appealability regarding this procedural determination will not issue.

The Clerk will enter this Order, providing a correct copy to all parties of record.

**ORDERED** this 10th day of November, 2026.

Nelva Gonzales Ramos

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE